IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANKLIN JENKINS,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>                    Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER**<br><br>Case No. 2:14-cv-509-BCW<br><br>Magistrate Judge Brooke Wells |

All parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] Plaintiff Franklin Jenkins ("Plaintiff") seeks judicial review of the determination of the Social Security Administration that denied his applications for period of disability and disability insurance benefits.

On April 2, 2015, the Court heard oral arguments on the administrative record and Plaintiff's appeal.[2] At oral argument, Plaintiff was represented by Natalie Bolli-Jones and the Commissioner was represented by Kathryn C. Bostwick.[3] Before oral argument, the Court carefully considered the parties' briefs, administrative record and relevant case law. For the reasons set forth below and as stated on the record at the conclusion of oral argument, the Court ORDERS that this case be REVERSED AND REMANDED for further consideration.

---

[1] See 28 U.S.C. § 636(c); F.R.C.P 73; docket no. 17.
[2] Docket no. 26.
[3] Id.

## **PROCEDURAL HISTORY**[4]

Plaintiff, born January 5, 1961, filed applications for period of disability and disability insurance benefits on December 17, 2012.[5] In those applications, Plaintiff alleged disability beginning September 14, 2011 due to physical impairments.[6] The claim was initially denied on February 14, 2013 and upon reconsideration on June 12, 2013.[7] Plaintiff then appeared and testified at a hearing held on January 15, 2014.[8] On February 12, 2014, the ALJ issued a written decision denying Plaintiff benefits.[9] The Appeals Council then denied Plaintiff's claim.[10] Therefore, the ALJ's decision became the final decision of the Commissioner of Social Security and this appeal followed.

### A. The ALJ's Decision

In his written opinion, the ALJ found at Step One of the required sequential evaluation process that Plaintiff had not engaged in substantial gainful activity since September 14, 2011, the alleged onset date.[11] At Step Two, the ALJ found Plaintiff to have the following severe impairments: (1) glenohumeral joint degenerative disease of the left shoulder; (2) chronic degenerative disease of the right glenohumeral joint with superior migration of the humeral head; (3) cervical spine degenerative joint disease with osteophyte complexes at C4-5, CS6, and C6-7, (4) post 2 knee arthroscopies bilaterally with residuals mostly on the right, and (5) obesity.[12]

---

[4] The Court finds the parties have adequately set forth Plaintiff's medical history in their respective briefs. Therefore, the Court finds it unnecessary to repeat that record here.
[5] Administrative Record, docket no. 10 [hereinafter referred to as "Tr."] at 14.
[6] Id.
[7] Id.
[8] Id.
[9] Tr. 14-27.
[10] Tr. 1-5.
[11] Tr. at 16.
[12] Id.

2

However, the ALJ found that none of Plaintiff's severe impairments met or medically equaled any of the Listings.[13]

The ALJ then found Plaintiff to have the residual functional capacity to

> perform light work, with no climbing ladders, ropes, scaffolds, and other postural activities performable occasionally. Additionally, he may only occasionally reach overhead bilaterally and must avoid concentrated exposure to unprotected heights. Finally, he is limited to jobs not requiring fine hearing.[14]

In determining this RFC, the ALJ summarized a number of medical records found in the administrative record, and weighed the opinion of Dr. Rox C. Burkett, whose opinion is at issue. The ALJ then found at Step Four found Plaintiff was unable to perform any of his past relevant work as a Refrigeration Mechanic or Tool Rental clerk.[15] At Step Five, the ALJ after considering the Plaintiff's age, education, work experience and residual functional capacity, found there are jobs that exist in significant numbers in the national economy that the claimant can perform.[16] The jobs identified were: production helper, security guard, hand packager and parking lot attendant.[17] Therefore, the ALJ found Plaintiff not be disabled under the Social Security Act.

## **FINDINGS**

Plaintiff raises two issues upon appeal: (1) whether the ALJ erred in failing to evaluate whether Plaintiff met Listing 1.02? and (2) whether the ALJ erred in his evaluation of the medical opinion evidence? With regard to these issues, the Court makes the following specific findings.

---

[13] Tr. at 20.
[14] Tr. at 21.
[15] Tr. at 26.
[16] Tr. at 27.
[17] Id.

**A. Listing 1.02.**

As to this issue, the Court finds no error in the ALJ's analysis. The Court agrees with the arguments made by Defendant at oral argument that Plaintiff does not meet Listing 1.02. In addition, the Court finds that the Plaintiff has not sufficiently carried his burden in demonstrating that the ALJ's decision is not supported by substantial evidence with regard to his findings regarding the Listings. Although admittedly not well articulated, the ALJ's statement that "[he had] considered those listings applicable to the claimant's severe impairments and conclude[d] that his conditions [did not] meet or medically equal the criteria for any condition listed herein"[18] adequately demonstrates that the ALJ considered whether Plaintiff met a listing, including Listing 1.02 which was raised by Plaintiff in his pre-hearing brief and was mentioned by Dr. Burkett. Therefore, the Court finds no error.

**B. Medical Opinions.**

As to the second issue raised by Plaintiff, the Court finds the ALJ erred in his evaluation of Dr. Burkett's opinion. In his opinion, the ALJ states the following with regard to Dr. Burkett's opinion:

> I give little weight to the statement dated September 15, 2013 by Rox C. Burkett, MD. It is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, in the context in which it was produced cannot be entirely ignored. Dr. Burkett is not a treating source and only saw the claimant once. In this case, there is no accompanying analysis of objective justification for an opinion, which is inconsistent with the rest of the record.[19]

---

[18] Tr. at 20.
[19] Tr. at 24.

The Courts finds the ALJ's analysis as to Dr. Burkett's opinion not to be supported by substantial evidence because it is based upon inaccurate information and speculation.  As counsel for Plaintiff pointed out at oral argument, the examination of Plaintiff by Dr. Burkett was not performed at the behest of counsel but rather was recommended by the Veteran's Administration.  In addition, it is speculative that just because an expert is paid for his services that his opinion should be entitled to lesser weight.  Moreover, the Court disagrees and finds error in the ALJ's statement that because Plaintiff was only seen once by Dr. Burkett that his opinion should be discounted.  While this alone would not be cause for a finding of reversible error, the Court is troubled by the ALJ's statement in this particular case in light of the fact that the opinions that were afforded great weight also came from physicians that only examined Plaintiff one time.

Moreover, even setting the above arguments aside as Defendant suggested the Court do, the Court finds the ALJ failure to discuss Dr. Burkett's background, qualifications or the fact that he was the only physician that had reviewed the entire record to be problematic.  The ALJ's opinion is not supported by substantial evidence because the ALJ failed to adequately demonstrate or provide specific examples contained in the record where he found Dr. Burkett's opinion to be inconsistent.  The Court is left to guess what the ALJ is referring to without proper citation or analysis.  Therefore, the Court agrees with Plaintiff's arguments that the ALJ erred in his evaluation of Dr. Burkett's opinion.

Accordingly, based upon review of the administrative record, arguments made by counsel in their briefs and during oral argument, this Court concludes that the ALJ's decision is not supported by substantial evidence.

## **CONCLUSION & ORDER**

For the foregoing reasons, the Court HEREBY REVERSES AND REMANDS the Case for further consideration consistent with the Court's Opinion.

DATED this 6 April 2015.

_____
Brooke C. Wells
United States Magistrate Judge